IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADLEY WILLIAMSON, | : | CIVIL ACTION |
| CAROLINE WILLIAMSON | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CHUBB INDEMNITY INSURANCE COMPANY | : | |
| Defendant. | : | NO. 11-cv-6476 |
| | : | |

**MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                     **March 8, 2012**

## I.   Introduction

Plaintiffs Bradley and Caroline Williamson ("Plaintiffs") bring this action against Defendant Chubb Indemnity Insurance Company ("Chubb") for breach of contract (Count I) and bad faith in violation of 42 Pa. C.S.A. § 8371 (Count II).  Chubb moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Plaintiffs' action is premature by the terms of the insurance policy; in the alternative, Chubb moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  For the following reasons, Chubb's Motion will be GRANTED insofar as it seeks dismissal without prejudice.

## II.  Facts and Procedural History

The following facts are alleged in the Complaint, reflect facts contained within "undisputedly authentic document[s]" submitted as exhibits by the defendant, or otherwise are documents "integral to or explicitly relied upon in the complaint."  See In re Burlington Coat

Factory Sec. Lit., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted).

Plaintiffs reside at 440 Dreshertown Road, Fort Washington, Pennsylvania 19034. Compl. ¶ 1. Defendant is an insurance company that sold a policy to the Plaintiffs. Compl. ¶ 2-3. Under the insurance policy Chubb agrees to indemnify Plaintiffs against certain losses to their residence at 440 Dreshertown Road. Compl. ¶ 3.

The insurance policy contains an appraisal clause. Def.'s Exh. C at Y-6 (insurance policy). In pertinent part, the appraisal clause provides that:

> "If you or we fail to agree on the amount of loss, you or we may demand an appraisal of the loss. Each party will select an appraiser within 20 days after receiving written request from the other. The two appraisers will select a third appraiser . . . . Written agreement signed by any two of the three appraisers shall set the amount of the loss." Id.

The insurance policy also contains a legal action clause. Def.'s Exh. C at Y-5. The legal action clause provides that: "You agree not to bring legal action against us unless you have first complied with all conditions of this policy." Id.

On September 30, 2009, a windstorm damaged Plaintiffs' home and possessions. Compl. ¶ 5. Plaintiffs sought remuneration from Chubb under the policy, and Chubb did not dispute that the policy covered the damage from the windstorm. Compl. ¶¶ 7-8; see also Def.'s Reply Br. at 2 ("Chubb admits that its policy covers all damage for the claim submitted.").

Plaintiffs employed a public adjuster and Chubb employed an independent contractor to assess the amount of loss. Pl.'s Exh. A (Plaintiffs' repair cost assessment attached to Complaint); Def's Appraisal (relied upon by Plaintiffs in Complaint at ¶¶ 7-9, 11, 13-15). The itemized estimates prepared for Plaintiffs and Chubb reflected differences in opinion regarding the valuation of certain items, as well as whether certain items needed to be repaired and/or the

appropriate method of repair.  Pl.'s Exh. A; Def.'s Appraisal.  Ultimately, Plaintiffs valued the repairs at $336,974.96, while Chubb valued the repairs at $197,355.45.  Pl.'s Exh. A; Def.'s Appraisal.

On March 22, 2011, after receipt of a letter from Plaintiffs' adjuster regarding remaining discrepancies between the parties' estimates, Chubb sent a letter to Plaintiffs invoking the policy's appraisal clause.  Def.'s Mot. to Dismiss admitted in Pl.'s Response at ¶ 10.  Plaintiffs, however, concede that they refused to participate in the appraisal process.  Pl.'s Response at 2-4.

Instead, Plaintiffs brought suit against Chubb in the Philadelphia Court of Common Pleas for breach of contract (Count I) and bad faith (Count II).  Compl. ¶¶ 12, 14.  Specifically, Plaintiffs allege that Chubb breached its obligation to pay benefits for a covered loss and engaged in bad faith conduct, treating the Plaintiffs unreasonably and unfairly with respect to the adjustment for the covered loss.  Id.

On October 17, 2011, the case was removed to this Court.  (ECF No. 1.)  On October 24, 2011, Chubb filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  (ECF No. 3.)  Plaintiffs timely responded, and Chubb timely replied.  (ECF Nos. 5, 8).

### III.   Summary of Chubb's Motion

Chubb seeks dismissal or summary judgment with respect to Plaintiffs' breach of contract claim and a stay of its bad faith claim pending Plaintiffs' completion of the appraisal process. Chubb's argument proceeds in two parts.  First, Chubb contends that the dispute between the parties is fundamentally a dispute about the amount of loss caused by the windstorm, not a dispute about coverage.  According to Chubb, an appraisal of the amount of loss necessarily

includes assessments of causation and the scope of repairs; thus, a disagreement about those issues does not transform the parties' dispute into a coverage dispute.

Second, Chubb asserts that Plaintiffs were obligated to comply with the policy's appraisal provision, which requires the parties to submit to a specified appraisal process whenever the insurer admits liability and the dispute is only about the amount of loss.  Chubb argues that Plaintiffs' failure to comply with Chubb's written demand for appraisal represents a failure to satisfy a condition precedent to Plaintiffs' breach of contract claim, thereby rendering this legal action premature.  In other words, because Plaintiffs have not yet fully performed under the contract, they cannot yet state a claim for breach of contract and therefore the Complaint must be dismissed under Rule 12(b)(6).

## IV. Legal Standard

Under the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must plead sufficient factual allegations, that, taken as a whole, state a facially plausible claim to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint satisfies the threshold of facial plausibility if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations to survive the motion.  Id. at 1949 (citing Twombly, 550 U.S. at 555).

In analyzing the complaint, the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, the court may disregard any legal conclusions in the complaint. Id. at 210-11 (citing Iqbal, at 1949).

Generally, for a motion to dismiss, the district court may consider only the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A motion to dismiss must be converted to a motion for summary judgment if the court does not exclude those matters presented to the court which are outside the pleadings. Fed. R. Civ. P. 12(d). However, the court may take into consideration "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" without converting the motion to one of summary judgment. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Furthermore, the court may consider any document "*integral to or explicitly relied* upon in the complaint." In re Burlington Coat Factory Sec. Lit., 114 F.3d at 1426 (internal citations omitted). These exceptions to 12(d) allow a court to consider outside documents where the plaintiff "has actual notice . . . and has relied upon these documents in framing the complaint." Id. (internal citations omitted).

## V. Discussion

The Motion requires this Court to consider two issues. The first issue is whether Chubb

denied coverage for the loss, thereby rendering the appraisal clause inapplicable. Second, if the policy requires Plaintiffs to comply with the appraisal clause, the question remains whether Plaintiffs have stated a claim upon which relief may be granted. The Court will address each issue in turn.

### A.     The Nature of the Dispute and Necessity of the Appraisal Clause

The interpretation of an insurance policy is a question of law to be resolved by the court. Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 897 (Pa. 2006). When the policy's language is clear and unambiguous the court must give effect to that language. 401 Fourth Street v. Investors Ins. Co., 879 A.2d 166, 170 (Pa. 2005). But when the policy's language is ambiguous the court will construe the ambiguity in favor of the insured and against the insurer. Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir.1999) (applying Pennsylvania law); Bateman v. Motorists Mut. Ins. Co., 590 A.2d 281, 283 (Pa. 1991). Courts must interpret purportedly ambiguous provisions in light of the entire contract. Med. Protective, 198 F.3d at 105.

The well-established public policy of Pennsylvania encourages the settlement of disputes about the amount of loss by appraisal. Ice City v. Ins. Co. of N. Am., 314 A.2d 236, 240 (Pa. 1974) ("[A]ppraisal is an entirely appropriate means for settling the dispute, and is indeed the favored practice."). A condition precedent to appraisal is that there be an admission of liability and a dispute only as to the dollar value of the loss. Ice City, 314 A.2d at 240. A dispute of coverage, improper for appraisal, occurs when an insurance company claims an exclusion of a loss under the terms of the insurance policy. See Banks v. Allstate, 1992 WL 102885 (E.D. Pa.

1992) (applying Pennsylvania law; refusing to order appraisal where company claimed some damage was not covered by the policy). However, when the parties merely disagree over the extent of damage or whether a covered peril is the cause of certain damage, that is a dispute regarding the amount of loss and is proper for appraisal. See Knop v. The Travelers Home and Marine Ins. Co., No. 10-cv-05506 (E.D. Pa. 2010) (applying Pennsylvania law); see also Cigna Ins. Co. v. Didimoi Prop. Holdings N.V., 110 F. Supp. 2d 259, 264 (D. Del. 2000) (applying Delaware law).

    The Court now turns to a consideration of the Complaint and the documents relied upon therein. Chubb has acknowledged its policy covers the loss from the windstorm that damaged Plaintiffs' home. Plaintiffs' and Chubb's itemized lists of the loss reflect disagreement over the necessary repairs and methods of repair from the covered peril. However, those disagreements represent a dispute as to amount of loss, not as to coverage. See Knop, No. 10-cv-05506; Cigna Ins. Co., 110 F.Supp 2d at 264.

    Estimating the dollar value of a loss presupposes a judgment of what repairs are necessary to recoup from the loss. Appraisers could not perform their duties if they were prohibited from opining on these matters. And in practice, where there have been two different assessments of the amount of loss – one by Plaintiffs' assessor, one by Defendant's – it is not surprising that the assessors may have some disagreement as to whether the covered occurrence actually caused a certain portion of the putative damage, as well as disagreements about the scope and method of necessary repairs. But to say such disputes are sufficient to negate the appraisal provision in the policy would effectively eliminate appraisal as a workable method of alternative dispute resolution.

The statutory law of Pennsylvania also contemplates that differences in itemization of the amount of loss will not create a question of coverage. See 40 Pa. Stat. Ann. § 636(2) (West 2012). For example, Pennsylvania's statutory law mandates appraisal clauses in insurance policies covering fire. Id. The statute requires itemized lists of damage and assumes disputes over the items will occur. Id. The statute reads: "The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, *failing to agree, shall submit their differences*, *only, to the umpire*." Id. (emphasis added). The instant case does not involve fire loss; however, the law regarding appraisal in fire insurance policies is instructive in the analogous context of a policy covering windstorm damage.

Cases applying Pennsylvania law also support a broad reading of the phrase "amount of loss." The avoidance of appraisal is strictly limited to situations in which there is a denial of coverage from the insurance company. Compare Ice City, 314 A.2d at 240 (Pennsylvania's Supreme Court compelling appraisal where the insurance company admitted coverage and disputed the dollar value of loss) with Banks, 1992 WL 102885 (applying Pennsylvania law; not compelling appraisal where the insurance company denied coverage as to part of the loss)[1]. Indeed, at least one district court applying Pennsylvania law has specifically held that "amount of loss" includes consideration of the cause and extent of the damage. Knop, No. 10-cv-05506 (E.D. Pa. 2010) (applying Pennsylvania law); see also Cigna, 110 F.Supp. 2d at 264 (applying Delaware law).

In sum, because Chubb has conceded liability, and because the differences between the

---

[1] Banks is also distinguishable because, unlike the instant case, the majority of the amount of loss sought by the Plaintiffs was in dispute. See Banks, 1992 WL 102885 at *3.

assessments in this case do not rise to the level of a dispute about coverage, Plaintiffs were required to comply with the policy's appraisal provision.

**B.     Failure to State a Claim**

Under Pennsylvania law, a plaintiff asserting a claim for breach of contract must allege "the existence of a contract, including its essential terms; . . . a breach of a duty imposed by the contract; and . . . resultant damage." Pittsburgh Const. Co. v. Griffith, 834 A.2d 572, 580 (Pa. Super. 2003).  A plaintiff asserting a claim for bad faith must allege that the defendant "(1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." Greene v. United Services Auto. Ass'n, 936 A.2d 1178, 1189 (Pa. Super. 2007).  A "motive of self-interest or ill-will" is probative of whether the defendant knew or recklessly disregarded its lack of a reasonable basis in denying the claim. Id. at 1191.

In the instant case, Plaintiffs have failed to state a claim for breach.  By the terms of the legal action clause of the insurance policy, Def.'s Exh. C at Y-5, Plaintiffs waived their legal recourse for breach until they complied with the other provisions of the contract.  One of these terms mandates the appraisal process, in which Plaintiffs concede they have not participated.

Nor can Plaintiffs state a claim for bad faith at this time.  Bad faith requires Plaintiffs to allege that Chubb knew or recklessly disregarded its lack of a reasonable basis for denying their claim.  However, because Chubb's dispute as to the amount of loss did not, in fact, deny the claim, Plaintiffs do not yet have grounds to state that element of their claim.

In sum, Plaintiffs' action is premature prior to completion of the appraisal process. Accordingly, Plaintiffs' breach of contract claim will be DISMISSED without prejudice and the

bad faith claim STAYED, pending Plaintiffs' completion of the appraisal process.  An appropriate Order follows.