IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADLEY WILLIAMSON, et al., | : | CIVIL CASE |
|     Plaintiffs, | : | |
| v. | : | |
| | : | |
| CHUBB INDEMNITY INSURANCE | : | |
| COMPANY, | : | |
|     Defendant. | : | NO. 11-6476 |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR**
**CONFIRMATION OF APPRAISAL AWARD AND SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                                 **June 17, 2013**

## I. Introduction

Plaintiffs Bradley and Caroline Williamson ("Plaintiffs") filed suit against Defendant Chubb Indemnity Insurance Company ("Chubb") for breach of contract and bad faith in violation of 42 Pa. C.S.A. § 8371. By Order dated March 8, 2012, the Court dismissed the breach of contract claim without prejudice, ordered the parties to engage in the appraisal process required by the insurance policy, and deferred consideration of the bad faith claim until the appraisal process produced an award. Currently before the Court is Defendant's Motion to Confirm the Appraisal Award and for Summary Judgment Regarding Plaintiffs' Claim of Bad Faith (the "Motion"). For the reasons below, Defendant's Motion to Confirm is **GRANTED**. Plaintiffs will be given leave to file a supplemental response to the Defendant's Motion for Summary Judgment.

## II. Procedural History

On October 17, 2011, this case was removed to this Court from the Pennsylvania Court of Common Pleas of Philadelphia County. On October 24, 2011, Defendants filed a motion to dismiss or, in the alternative, for summary judgment (ECF 3). On March 8, 2012, the Court issued a Memorandum and Order (ECF 11 and 12), granting that motion in part and denying it in

part. On March 16, 2012, Plaintiff filed a motion for reconsideration (ECF 13), which the Court denied by Order dated March 30, 2012 (ECF 15).

Pursuant to the March 8, 2012 Order, the parties engaged in the appraisal procedure set forth in the insurance policy, resulting in an appraisal award dated December 18, 2012. On February 19, 1013, Defendant filed the instant Motion, requesting that the appraisal award be confirmed by the Court, and summary judgment against Plaintiffs on their bad faith claim.

### III. Undisputed Facts

Plaintiffs submitted a claim under the policy, and Defendant conceded coverage. Defendant valued the claim at $197,355.38 and paid Plaintiffs that amount. Plaintiffs disputed Defendant's valuation. Pursuant to the terms of the policy and an Order from this Court, the parties participated in an appraisal process. The appraisal award was rendered on December 18, 2012, valuing Plaintiffs' claim at $203,450.11, or $6,094.73 more than Defendant's original valuation. On January 17, 2013, Defendant paid Plaintiffs the additional $6,094.73.

### IV. Discussion

#### A. The Appraisal Award Is Confirmed.

Under Pennsylvania law, an appraisal award is subject to confirmation as if it were an arbitration award. Riley v. Farmers Fire Ins. Co., 735 A.2d 124 (Pa. Super. Ct. 1999) (citing Ice City, Inc. v. Ins. Co. of N. Am., 314 A.2d 236, 240 (Pa. 1974) ("[f]or purposes of enforceability, we see no distinction between arbitration and appraisal")). Pursuant to 42 Pa. C.SA. § 7342(b), a court "shall" confirm an appraisal award and "enter a judgment or decree in conformity with the order" upon "application of a party made more than 30 days after" the award was rendered. Confirmation of the award may be challenged only upon a "clear[] show[ing] that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." Id. § 7341. The award in this case was

rendered on December 18, 2012, and Defendant moved for confirmation on February 19, 2013, approximately sixty days later. Therefore, the Court is obliged to confirm the award, because Plaintiffs' arguments against confirmation are unavailing.

Plaintiffs argue that the Court should not confirm the appraisal award because it erred in compelling appraisal, and, therefore, the appraisal award is invalid. The Court rejects Plaintiffs' contention for the reasons stated in its March 8, 2012 Memorandum and Opinion, 2012 WL 760838.

> **B.  Plaintiffs will be given further opportunity to respond to Defendant's Motion for Summary Judgment.**

Plaintiffs' response to the Defendant's Motion for Summary Judgment does not comply with Rule 56. Plaintiffs must identify specific factual disputes, with supporting citations to the factual record of this case. The Court will give plaintiffs fourteen (14) days to file a supplemental memorandum as to summary judgment.

To the extent plaintiffs may intend to appeal, plaintiffs must ordinarily wait until a final judgment has been entered in the case on all claims.

An appropriate Order follows.